IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MASIO PEARSON | : | |
| Petitioner | : | |
| v | : | Civil Action No. RDB-05-2850 |
| JOHN ROWLEY and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : | |
| Respondents | : | |

o0o

**MEMORANDUM OPINION**

Pursuant to this Court's Order of October 20, 2005, Petitioner has filed a supplement to his Petition for Writ of Habeas Corpus, explaining that he is being held in custody on charges that he violated conditions of his Maryland parole.  Paper No. 4.  He states that he was arrested on handgun and firearms charges on June 30, 2005, posted bail of $50,000.00, and was released. *Id*.  After his release from custody, the Maryland Parole Commission issued a warrant for his arrest on charges that he violated parole.  *Id*.  Petitioner alleges that he should not be required to stay in custody after posting bail and questions why he was not permitted to remain out of custody pending the final disposition of his criminal charges.  *Id*.

Based on the supplement filed it is clear that Petitioner has not exhausted available state remedies with respect to his violation of parole charges.  Each of Plaintiff's claims involve questions of state law and are subject to the exhaustion requirement of 28 U.S.C. § 2254(b).  He must exhaust each claim presented to the federal court by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).   The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct.

1194 (2001).  In addition to allowing the state court to decide the issues before it, proper exhaustion also requires that Petitioner file an application for leave to appeal with the Court of Special Appeals in the event that the decision is not favorable to him.  Clearly, Petitioner has not yet exhausted all of the remedies available to him in the state court system.[1]   Indeed, the time the instant petition was filed, Petitioner's parole had not yet been revoked.

      Accordingly, this Petition must be dismissed without prejudice because Petitioner has failed to exhaust remedies available to Petitioner through the State Courts.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  A separate order will be entered dismissing this case without prejudice.


February 22, 2006             /s/
   Date                                             RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE

---

[1] It is equally clear that Petitioner's incarceration is not, as he alleges, illegal.  Paper No. 1.  He admits in his supplement that a parole retake warrant, separate from his criminal charges, is the basis of his incarceration.  Paper No. 4.